Filed 11/15/13  Bare v. JPMorgan Chase CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

|  |  |
|---|---|
| JENNIFER BARE, | C068709 |
| Plaintiff and Appellant, | (Super. Ct. No. NCI16175) |
| v. | |
| JPMORGAN CHASE BANK, N.A., | |
| Defendant and Respondent. | |

Defendant JPMorgan Chase Bank, N.A. (Chase), repossessed a 2003 Chevrolet Silverado that plaintiff Jennifer Bare purchased with Chase financing.  Bare brought a claim for breach of oral and written contract and fraud against Chase.  The trial court sustained Chase's demurrer to Bare's second amended complaint without leave to amend. Bare, proceeding in pro. per., presents a barrage of challenges to the court's decision.  We shall affirm the judgment.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

Bare purchased a 2003 Chevrolet Silverado from a dealership in September 2008. Chase provided the financing for the purchase. The transaction was governed by a "Retail Installment Sale Contract" (contract).

The contract provided for a sales price of $17,178.86, $12, 553.86 of which was to be financed by a payment of $625.00 due on August 9, 2008, with 59 additional payments of $345.96 due monthly thereafter. The contract bears Bare's signature.

The contract states Chase possesses a security interest in the Chevrolet, noting the vehicle "secures payment of all you owe on this contract" and "also secures your other agreements in this contract as the law allows." In addition, the contract includes a section on late payment and spells out the consequences for a late or missed payment. These include late charges, an acceleration clause, and payment of collection costs.

The contract also states that if a payment is late or missed, "We may take the vehicle from you. If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it . . . ." The contract defines "default" to include a late payment. The borrower may recover the repossessed vehicle by paying all past-due payments and any late charges.

Finally, the contract contains a provision regarding changes in the terms of the contract. The provision states: "How this contract can be changed. This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding."

Chase repossessed Bare's vehicle in June 2010. In July 2010 Bare filed a complaint against Chase for breach of contract stemming from Chase's repossession of the Chevrolet. Bare did not attach a written contract to the complaint and did not specify the terms of the contract. Instead, Bare attached an "Affidavit of Jennifer Bare" detailing her claims. Chase filed a demurrer to the complaint.

Prior to the scheduled hearing on the demurrer, Bare filed a first amended complaint, alleging breach of both written and oral contract. Chase filed a demurrer to the first amended complaint and a motion to strike.

In December 2010 Bare filed a second amended complaint, without leave to amend from the court, alleging breach of written and oral contract and fraud. Bare attached a copy of the contract to the second amended complaint. Bare also attached another "Affidavit of Jennifer Bare." Bare's second affidavit alleged numerous conversations between Bare and Chase employees on the possibility of alternative payment arrangements stemming from Bare's inability to make her May 26, 2010, payment under the contract.

According to Bare, on May 28, 2010, she called Chase and told them her unemployment check was going to be late, so the scheduled payment would not go through. Bare states she spoke with a Chase employee and set up another payment arrangement, by which Chase would take a payment electronically on June 4, 2010, which was still within the 10-day grace period. Bare alleges she requested the payment be taken out on June 4, although the employee wanted to set up the withdrawal for June 3. According to Bare, "The payment hit my bank on June 3rd and it bounced, like I knew it would, because it was supposed to be set-up for the 4th." Bare identifies this as breach of "verbal contract number 1."

The payment was not made on June 4, 2010, and on that day Bare alleges: "I called the Sacramento Chase and spoke with Cherie, which is the vice president. She stated that, 'I need not to make a payment until the situation got handled'. I told her that I needed to make a payment because I believed I was already behind (within the 10-day grace period and did not want to ruin my good credit standing with Chase and my credit history) and did not want it to be any later. She told me not to make a payment and that it would not take her long until she gets the situation handled. By her telling me not to

3

make a payment on my loan, she entrapped me. She knew by me not making my payment would put me into default and this in turn would break my contract . . . ."

Bare's payment was due on May 26, 2010. Bare's affidavit alleges that on June 10, 2010: "Cherie called me and told me that she would credit me the $43 late fee and the $15 bank fee and that I owed $691 and I needed to pay it on June 17, 2010. I said ok without looking at the calendar but just wanted to get things going. I asked her if I could pay one payment now and then another in a week because I get another check in a week. She stated that I had to make the payment in full that partial payments would not be accepted. I said ok then I will try to get it in the bank by the 17th. . . ."

Finally, Bare's affidavit alleges that on June 16, 2010: "I called and talked to the call center and informed them that my check was going to be late and that I needed to be granted one more week to come up with the $691 or asked if I could pay one month's payment and then pay the other month's payment in a week. I was told that as long as I make the payment in the branch by June 27th that I would be fine . . . ." Bare labels this "verbal contract 2," which Chase breached by repossessing the Chevrolet on June 24, 2010.

The remainder of Bare's affidavit describes the events following the repossession. Bare states she had collected the funds the day of the repossession to "pay the entire default amount." The following day, June 25, 2010, Bare attempted to work with Chase "on getting [her] vehicle up to date."

Bare concludes: "In closing, Chase broke laws to get ahead and breached 3 contracts; 2 verbal and 1 written. They committed fraud, entrapment and intentionally inflicted emotional distress; [citation]; upon me and my family. I need justice in resolving this matter."

At a December 2010 hearing on the demurrer to the first amended complaint, Chase withdrew the demurrer to the first amended complaint and stipulated to the filing of the second amended complaint. Chase filed a demurrer to the second amended

4

complaint. Chase contended the second amended complaint failed to identify any provisions in the contract that Chase was alleged to have breached. In addition, Chase argued the contract contained unambiguous provisions that contradict Bare's allegations.

Bare filed an "Answer" to the demurrer but failed to include any points and authorities addressing the legal issues raised in the demurrer. Instead, Bare attached a "Declaration" alleging more facts to support her second amended complaint.

Following oral argument, the trial court sustained Chase's demurrer to the second amended complaint without leave to amend as to both the contract and fraud causes of action. The court found Bare failed to state facts sufficient to constitute a cause of action for breach of written contract and noted Bare admitted in her pleadings that she had not made her payments in a timely manner as required by the contract. As for the oral contracts, the court found Bare did not allege that the oral contracts were reduced to writing or otherwise executed by the parties. As to Bare's fraud claim, the court stated Bare could not plead justifiable reliance on the alleged oral representations because the contract provides modifications must be in writing. Nor had Bare established the damage element of her claim.

Following entry of judgment, Bare filed a timely notice of appeal.

## DISCUSSION

### I.

The function of a demurrer is to test the sufficiency of the complaint by raising questions of law. We give the complaint a reasonable interpretation and read it as a whole with its parts considered in their context. A general demurrer admits the truth of all material factual allegations. We are not concerned with the plaintiff's ability to prove the allegations or with any possible difficulties in making such proof. We are not bound by the construction placed by the trial court on the pleadings; instead, we make our own independent judgment. (*Herman v. Los Angeles County Metropolitan Transportation Authority* (1999) 71 Cal.App.4th 819, 824.)

5

When the trial court sustains the demurrer without leave to amend, we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. If we find that an amendment could cure the defect, we must find the trial court abused its discretion and reverse. If not, the court has not abused its discretion. The plaintiff bears the burden of proving an amendment would cure the defect. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153.)

## II.

Bare alleges Chase breached the contract in repossessing the Chevrolet. A cause of action for breach of contract requires the plaintiff to plead a contract, the plaintiff's performance or excuse for failure to perform, the defendant's breach, and the resulting damage. (*Hale v. Sharp Healthcare* (2010) 183 Cal.App.4th 1373, 1387.)

Nowhere in her pleadings does Bare identify the contract provision she alleges Chase breached. Indeed, Bare acknowledges she failed to make the May 2010 payment required under the contract. Moreover, the contract Bare entered into with Chase unambiguously states Chase may repossess the vehicle if Bare fails to make a scheduled payment. Bare offers no possible amendment that could cure these defects. Therefore, the trial court correctly sustained Chase's demurrer without leave to amend on the breach of contract claim.

## III.

Bare alleges two oral contracts: the first on May 28, 2010, when she contacted Chase and set up a payment for June 4, 2010, and the second on June 16, 2010, when she contacted Chase and set up a payment by June 27, 2010. Bare alleges Chase breached these oral contracts when it repossessed the Chevrolet on June 24, 2010.

The elements of a cause of action for oral contract are the same as those required for breach of a written contract. (*Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal.App.3d 1371, 1388.) An oral contract that modifies a previous contract must comply with Civil Code section 1698. Section 1698, states, in part: "(b) A contract

6

in writing may be modified by an oral agreement to the extent that the oral agreement is executed by the parties. [¶] (c) Unless the contract otherwise expressly provides, a contract in writing may be modified by an oral agreement supported by new consideration. The statute of frauds (Section 1624) is required to be satisfied if the contract as modified is within its provisions. [¶] (d) Nothing in this section precludes in an appropriate case the application of rules of law concerning estoppel, oral novation and substitution of a new agreement, rescission of a written contract by an oral agreement, waiver of a provision of a written contract, or oral independent collateral contracts."

The contract unambiguously states: "This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and both you and we must sign it. No oral changes are binding."

Bare does not allege the oral contracts were reduced to writing. Nor does Bare allege any consideration exchanged for the alleged oral contract. A commitment to perform a preexisting legal obligation cannot constitute the consideration needed to support a binding contract. (*Auerbach v. Great Western Bank* (1999) 74 Cal.App.4th 1172, 1185 (*Auerbach*).) Bare provides no indication there exists a reasonable possibility that these defects can be cured by amendment. Therefore, the trial court did not err in sustaining Chase's demurrer without leave to amend as to the oral contract causes of action.

## IV.

Bare also alleges Chase's action in repossessing her vehicle constituted fraud. To establish fraud, a plaintiff must show a misrepresentation (false representation, concealment, or nondisclosure); knowledge of falsity; intent to defraud; justifiable reliance; and resulting damage. (*Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 990.)

Bare fails to plead any facts to support her justifiable reliance on the alleged misrepresentations by Chase employees. Although the issue of justifiable reliance

7

ordinarily presents a question of fact, there are cases in which it may be decided as a matter of law. As noted, the contract unambiguously states "No oral changes are binding." Given the contract between the parties, which Bare signed, she could not reasonably rely upon any subsequent alleged oral representations at odds with the written contract. (*Hackethal v. National Casualty Co.* (1987) 189 Cal.App.3d 1102, 1111.)

Nor does Bare plead facts to establish a claim of damages resulting from the alleged fraud. As the trial court noted, Bare apparently alleges she was damaged by having to pay for the vehicle as required under the contract. However, a borrower's continuing to make payments under a contract in reliance on the lender's fraudulent promise to negotiate in good faith to modify the loan does not constitute damages necessary to support an action for fraud. (*Auerbach*, *supra*, 74 Cal.App.4th at pp. 1184-1190.)

Given these deficiencies and Bare's failure to set forth any facts to remedy them, the trial court correctly sustained Chase's demurrer to the fraud cause of action without leave to amend.[1]

## DISPOSITION

The judgment is affirmed. Chase shall recover costs on appeal.


          RAYE          , P. J.

We concur:


      HULL         , J.

      MAURO      , J.

---

[1] Although Bare briefly mentions entrapment and intentional infliction of emotional distress in her affidavit, she provides no further facts to establish either cause of action.